**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 07-429-PHX-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| Mohammad Reza Alavi, | |
| Defendant. | |

The court has before it Defendant Mohammad Reza Alavi's (Alavi) Motion to Dismiss Count 2 of the Superseding Indictment. (Doc. # 149.) Count 2 of the superseding indictment charges that Alavi "did unlawfully transport, transmit and transfer in interstate and foreign commerce from the State of Arizona to Iran, goods, wares and merchandise, that is, 3 KeyMaster software, of the value of $5,000 or more, knowing the same to have been stolen." (Doc. # 93.) The count is based on the National Stolen Property Act, 18 U.S.C. § 2314, which provides that:

> whoever transports, transmits, or transfers in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 of more, knowing the same to have been stolen, converted, or taken by fraud [shall be guilty of a crime].

Alavi argues that computer software is not "goods, wares, merchandise, securities or money" and is therefore not covered by the Act. His primary authority for this position is *Dowling v. United States*, 473 U.S. 207 (1985). In *Dowling*, the Supreme Court

considered a related, but not identical question: whether bootleg phonorecords transmitted across state lines were "'stolen, converted or taken by fraud' for purposes of § 2314." *Id.* at 216. The indictment was "founded exclusively on the allegations that the shipped phonorecords, which contained 'Elvis Presley performances of copyrighted musical compositions,' were 'stolen, converted and taken by fraud, in that they were manufactured without the consent of the copyright proprietors.'" *Id.* at 215 n.7. The case presented "no theory of illegal procurement" of the musical compositions; the Court expressly declined to consider that theory as a basis for upholding the defendant's conviction. *Id.*

The precise issue decided by the Court was whether statutorily protected rights in copyright could be "stolen, converted or taken by fraud." It concluded, "that the taking that occurs when an infringer arrogates the use of another's protected work [does not] comfortably fit[] the terms associated with physical removal employed by § 2314." *Id.* at 217. In essence, the court concluded that one can "infringe" a right, but one cannot physically steal, convert, or take a right by fraud. "While one may colloquially link infringement with some general notion of wrongful appropriation, infringement plainly implicates a more complex set of property interests than does run-of-the-mill theft, conversion, or fraud." *Id.* Rather, "the provision seems clearly to contemplate a physical identity between the items unlawfully obtained and those eventually transported, and hence some prior physical taking of the subject goods." *Id.* at 216.

The United States does not allege that the software Alavi allegedly exported was stolen merely because Alavi infringed an exclusive right of the copyright holder. The government's theory is rather that Alavi illegally procured the software from his employer, the precise theory that the Supreme Court declined to consider in *Dowling*. This case does not present the abstract issue of whether rights can be stolen, but rather whether a software program itself can be stolen. The answer to that question is obviously yes. A computer program is as much a saleable commodity as an automobile, and can be physically stolen and transported across state and international lines.

Alavi argues, however, that software itself is merely intangible intellectual property and therefore does not qualify as "goods, wares or merchandise" under the statute. That argument exceeds the holding in *Dowling*, so Alavi turns for support to *United States v. Brown*, 925 F.2d 1301 (10th Cir. 1991). The defendant in *Brown* was accused of stealing software source code from his employer. According to the court, *Dowling* made clear that "[t]he element of physical 'goods, wares, or merchandise' in §§ 2314 and 2315 is critical." *Id.* at 1308–09. It therefore held that "that the computer program itself is an intangible intellectual property, and as such, it alone cannot constitute goods, wares, merchandise, securities or moneys which have been stolen, converted or taken within the meaning of §§ 2314 or 2315." *Id.*

The court overstates the significance of the word "physical" in the *Dowling* decision. After *Dowling*, Congress amended § 2314 to include the term "transmits" to "codify appellate court holdings that 18 U.S.C. [§ ] 2314 is not limited to the physical transportation of stolen or fraudulently acquired money or property but also extends to the situation in which such proceeds are transmitted or transferred electronically in interstate or foreign commerce." 134 Cong. Rec. S17367, S17370 (statement of Sen. Biden). *See also United States v. Piervinanzi*, 23 F.3d 670, 678 n.6 (2d Cir. 1994) (discussing the 1988 amendment); *United States v. Farraj*, 142 F. Supp. 2d 484, 488 (S.D.N.Y. 2001) (same). The amendment makes clear that items covered by § 2314 can exist in an electronic format when they are taken and transmitted; they need not take a physical form independent of any computer medium. *See Farraj*, 142 F. Supp. 2d at 490 ("[T]he transfer of electronic documents via the internet across state lines does fall within the purview of § 2314."). "The accessability of the information in readable form from a particular storage place also makes the information tangible, transferable, saleable and, in this court's opinion, brings it within the definition of 'goods, wares, or merchandise" under § 2314." *United States v. Riggs*, 739 F. Supp. 414, 422 (N.D. Ill. 1990).

Of course, the items unlawfully obtained and those eventually transported must be identical, "and hence some prior physical taking of the subject goods" must have taken

- 3 -

place to violate the statute. *Dowling*, 473 U.S. at 216. The United States alleges that Alavi physically stole the software program from his employer by loading it onto his computer, and then transported it in its electronic form on his laptop computer in interstate and foreign commerce. The item that Alavi allegedly physically stole, the software, is identical to the item that Alavi allegedly transported in interstate and foreign commerce, the software in electronic format. Count 2 therefore states a violation of 18 U.S.C. § 2314.

IT IS THEREFORE ORDERED that Defendant Mohammad Reza Alavi's Motion to Dismiss Count 2 of the Superseding Indictment (doc. # 149) is denied.

DATED this 2nd day of May, 2008.

_____
Neil V. Wake
United States District Judge